IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIM. NO. JKB-15-647** |
| **JOSHUA KELLY,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Joshua Kelly's Motion for Compassionate Release (ECF No. 108) in light of the COVID-19 Pandemic. For the reasons set forth below, the Motion is DENIED without prejudice.

Kelly moved for compassionate release on October 27, 2020. (ECF No. 108.) In his motion, Kelly claimed that he suffers from medical conditions that he alleged heighten his risk of suffering severe illness as a result of COVID-19, including asthma, hidradenitis suppurativa, and a suppressed immune system. Kelly included as an attachment to his motion an article describing hidradenitis suppurativa. (ECF No. 108-1.) However, he did not attach any medical records documenting the existence or severity of his alleged medical conditions.

On November 20, 2020, Kelly submitted a letter inquiring regarding the status of his motion and informing the Court that he has tested positive for COVID-19. (ECF No. 111.) On November 23, a woman representing herself as Kelly's mother also wrote a letter to the Court notifying the Court of Kelly's situation and stating that she was working to obtain medical records on his behalf. On November 30, the Federal Public Defender filed a letter informing the Court

that it would not be filing a motion for compassionate release or a motion for appointment of counsel on Kelly's behalf. (ECF No. 112.)

The Court will deny Kelly's motion without prejudice because he has not submitted any medical evidence supporting compassionate release. Under 18 U.S.C. § 3582(c)(1)(A) a district court may only modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* Though it is possible that Kelly's medical situation could create "extraordinary and compelling reasons" for his release, absent documentation, the Court is in no position to make that determination. The Court acknowledges the very real danger posed by the COVID-19 pandemic and the legitimate concerns Kelly and his family undoubtedly feel—particularly if he has indeed contracted the virus. However, Kelly's filings provide no basis upon which the Court can find "extraordinary and compelling reasons" for his release. Accordingly, Kelly's Motion for Compassionate Release (ECF No. 108) is DENIED without prejudice to his ability to file an updated motion attaching medical records and any additional relevant documentation. Such a motion should also clarify what portion of his sentence Kelly has served, and to the extent possible, address the factors set forth in 18 U.S.C. § 3553(a).

DATED this __2__th day of December, 2020.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge