IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-15-0647** |
| **JOSHUA KELLY,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Presently pending before the Court is Joshua Kelly's third Motion for Compassionate Release and Motion for the Appointment of Counsel. (ECF No. 132.) In denying Kelly's second Motion for Compassionate Release, the Court explained that "having considered the factors enumerated under § 3553(a), the Court finds that release at this time would be inappropriate and that the existing sentence is 'sufficient, but not greater than necessary' to comply with the purposes of incarceration." (ECF No. 131 at 6 (citing 18 U.S.C. § 3553(a)).) In his most recent Motion, Kelly primarily reiterates arguments that the COVID-19 pandemic and his medical conditions constitute "extraordinary and compelling reasons" for a potential sentence reduction. (*See* ECF No. 132 at 1–2.)[1] Establishing extraordinary and compelling reasons is, however, only one prerequisite to compassionate release because "[u]nder § 3582(c)(1)(A), a court may reduce a defendant's sentence if the 'court finds that extraordinary and compelling reasons warrant such a reduction' . . . *and* if the § 3553(a) sentencing factors merit a reduction." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)).

---

[1] In its prior Memorandum, the Court described this question as a "close call" but did not definitively resolve the issue given that the § 3553(a) factors foreclosed relief. (*See* ECF No. 131 at 5.)

1

## I.   *Section 3553(a) Factors*

Kelly's present Motion provides little additional evidence for the Court to change its earlier conclusion that the § 3553(a) factors did not favor compassionate release. (*See* ECF No. 131 at 5.) Specifically, Kelly notes his present employment while incarcerated and attaches a certification of completion, which shows he has completed various educational programs while incarcerated. (*See* ECF No. 132 at 1; ECF No. 132-4.) While the Court acknowledges these efforts as evidence of some rehabilitation, it concludes that they do not change the dispositive weight it previously gave to: (1) the violence associated with Kelly's crime of conviction; (2) Kelly's prior criminal history; and (3) concerns related to Kelly's disciplinary history while incarcerated. (*See* ECF No. 131 at 5–6.) Those facets of the record continue to strongly support Kelly's 120-month sentence and the Court continues to find that a reduction in that sentence "would not sufficiently promote respect for the law, deter crime, or protect the public." (*Id.* at 6.) Because an assessment of the § 3553(a) factors does not support a reduction in Kelly's sentence, the Court must deny compassionate release. *See McCoy*, 981 F.3d at 275.

## II.   *Appointment of Counsel*

With respect to Kelly's request that this Court appoint counsel to supplement his Motion, "[i]t is well settled that a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 206 F.3d 724, 730 (4th Cir. 2000). However, a Court "has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require." *United States v. Rodriguez*, Crim. No. MOC-15-0041, 2020 WL 7318099, at *6 (W.D.N.C. Dec. 11, 2020). Here, the record does not establish that Kelly has a potentially meritorious claim for compassionate release in light of the balance of the § 3553(a) factors. Moreover, Kelly does not identify any particular challenge to explaining his claim for compassionate release, citing only that

he seeks "appointed counsel to assist him to perfect this motion's request[.]" (ECF No. 132 at 2.) It does not appear that appointed counsel would assist Kelly with either: (1) establishing a meritorious claim on the present record; or (2) developing the record further in support of a meritorious claim. Accordingly, the Court concludes that the appointment of counsel would not be in the interests of justice.

### III. Conclusion

For the foregoing reasons, Kelly's Motion for Compassionate Release and Appointment of Counsel (ECF No. 132) is DENIED.

DATED this 13 day of July, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge