IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0647 |
| JOSHUA KELLY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Joshua Kelly's fifth *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c).[1] (ECF No. 147.) With the same Motion, Kelly requests appointment of counsel and a hearing. (*Id.* at 3.) However, no hearing is necessary to resolve Kelly's Motion. *See* Loc. Rs. 105.6, 207 (D. Md. 2023); *see also United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("a judge need not hold a hearing when considering a § 3582(c) motion."). The Motion will be denied.

### I. *Compassionate Release*

Kelly pled guilty in 2016 to possession with intent to distribute cocaine and aiding and abetting, for which he received a sentence of 120 months' incarceration. (Judgment, ECF No. 65.) In October of 2020, the Court denied Kelly's first Motion for Compassionate Release (ECF No. 108) without prejudice for lack of supporting evidence. (ECF No. 113.) Kelly then filed a Renewed Motion for Compassionate Release in February of 2021 (ECF No. 116), which the Court

---

[1] As the Court has explained in an earlier Memorandum in this matter, (*see* ECF No. 131), motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

1

denied after determining, based on a thorough review of the record, that "the factors outlined in § 3553(a) [did] not permit his early release." (ECF No. 131.) Specifically, the Court found that the seriousness of Kelly's underlying offense, coupled with his prior criminal history and subsequent disciplinary history in prison, "indicate[d] an ongoing need to deter Kelly and protect the public." (*Id.* at 6.) In February of 2022, Kelly filed another Motion for Compassionate Release (ECF No. 132), which the Court denied after concluding that it "provide[d] little additional evidence . . . to change [the Court's] earlier conclusion that the § 3553(a) factors did not favor compassionate release." (ECF No. 135 at 2.) Kelly's fourth Motion for Compassionate Release, (ECF No. 140), was denied in January of 2023 because the "single new development" to which it pointed—Kelly's participation in a residential drug abuse treatment program—was not "significant enough on its own to alter the Court's recent § 3553(a) analyses" in his case. (ECF No. 146 at 2.)

With the instant Motion, Kelly argues that his health—specifically, his diagnosis of Hidradenitis Suppurativa ("HS"), a chronic skin condition which causes him to "liv[e] each day in excruciating pain"—is an extraordinary and compelling reason warranting his compassionate release. (ECF No. 147 at 2.) Kelly contends that his is the "first case" of HS that the medical staff at his current prison facility, United States Penitentiary, Canaan, has "ever dealt with," and that he is consequently receiving insufficient medical treatment. (*Id.*) For instance, Kelly alleges that "medical staff has admitted to [him] that they lack the special soaps [he] need[s], special lotions, trimmers and bathtub that [he] must bathe in" to alleviate his symptoms. (*Id.*) Because he cannot access these treatments or specialized care, Kelly argues that his condition "continues to get worse[.]" (*Id.*)

The United States Sentencing Commission, pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence

2

reduction," has stated that such reasons exist where a defendant has a "serious physical or medical condition . . . that substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13 cmt. nt. 1(A)(ii)(I). The Court finds that Kelly's HS, coupled with his inability to seek and receive necessary treatment while incarcerated, constitutes an extraordinary and compelling reason under this standard. *See Hidradenits Suppurativa: Diagnosis & Treatment*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/hidradenitis-suppurativa/diagnosis-treatment/drc-20352311 (last visited June 28, 2023) (HS patients "might need the comprehensive care provided by a health care team with members from multiple medical specialties."); *see also* E. Katharine Tinto, *The Door is Still Open: Compassionate Release and the Aging Prisoner*, 31 Fed. Sent. R. 181, 183 (2023) (arguing that a defendant with a serious medical condition satisfies U.S.S.G. § 1B1.13 cmt. nt. 1(A)(ii)(I) when "because of their incarceration, they are unable to seek the necessary treatment on their own" and are thus "not expected to recover").

However, despite having identified an extraordinary and compelling reason warranting his compassionate release, Kelly has not satisfied the second prong of the § 3582(c) analysis. With his instant Motion, beyond asserting broadly that he "pose[s] absolutely no threat to the public," Kelly provides no new evidence that would alter the Court's recent § 3553(a) determinations in his case. (*See generally* ECF No. 147.) Less than a year ago, when considering Kelly's third Motion for Compassionate Release, the Court gave "dispositive weight" to "(1) the violence associated with Kelly's crime of conviction; (2) Kelly's prior criminal history; and (3) concerns related to Kelly's disciplinary history while incarcerated"—leading it to conclude that "the record continue[d] to strongly support Kelly's 120-month sentence[.]" (ECF No. 135 at 2.) Because Kelly has provided no description or documentation of any developments in his life that would

3

alter the Court's prior determination that the § 3553(a) factors counsel against his compassionate release, the instant Motion must be denied.

## II.     Appointment of Counsel

With respect to Kelly's request that this Court appoint counsel to supplement his Motion, "[i]t is well settled that 'a criminal defendant has no right to counsel beyond his first appeal.'" *Legree*, 205 F.3d at 730 (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991)). However, a Court "has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require." *United States v. Rodriguez*, Crim. No. MOC-15-0041, 2020 WL 7318099, at *6 (W.D.N.C. Dec. 11, 2020) (citing *Legree*, 205 F.3d at 730). Here, Kelly asserts that counsel would "assist [him] with obtaining all the necessary documentation to demonstrate . . . the very critical state" of his HS. (ECF No. 147 at 3.) However, Kelly has convinced the Court of the seriousness of his HS without the assistance of counsel, and it therefore does not appear that counsel would assist Kelly with either (1) establishing a meritorious claim on the present record or (2) developing the record further in support of a meritorious claim. Accordingly, the Court concludes that the appointment of counsel would not be in the interests of justice.

## III.    Conclusion

For the foregoing reasons, it is hereby ORDERED that Joshua Kelly's Motion for Compassionate Release (ECF No. 147) is DENIED.

Dated this __5__ day of July, 2023.

BY THE COURT:

*/s/ James K. Bredar*

James K. Bredar
Chief Judge